# In the United States Court of Federal Claims

Nos. 21-1116C, 21-1118C & 21-1119C
(Filed: September 9, 2021)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| CONNECTICUT YANKEE ATOMIC POWER COMPANY, | * * * |
| Plaintiff, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| MAINE YANKEE ATOMIC POWER COMPANY, | * * * |
| Plaintiff, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | * * * |
| Plaintiff, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

The parties have jointly moved for entry of a protective order. *See* Motion (ECF 14). Because the proposed protective order is defective in several respects, the motion is **DENIED** without prejudice.

Protective orders are governed by RCFC 26(c), which provides that the Court may, "for good cause," take measures to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* RCFC 26(c)(1). Such measures may include, *inter alia*, "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." RCFC 26(c)(1)(G). Where good cause exists for protection, this Court can "exercise its sound discretion" to establish confidentiality. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985) (applying the then-applicable version of the analogous Federal Rules of Civil Procedure). But when it comes to secrecy of this Court's records, the Court must do so in light of the "strong presumption in favor of a common law right of public access to court proceedings." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011).

The parties' proposal for sealing confidential materials filed with the Court is inconsistent with the presumption of public access. Under the proposed protective order, the parties could designate materials as confidential on a categorical basis, without even reviewing all of them. *See* Proposed Protective Order ¶ 9 (ECF 14-1). Although "blanket" protection of that sort is permitted, the parties' proposal goes further: When materials designated as confidential are filed with the Court, they would *have* to be filed under seal unless another party objects to confidentiality. *Id.* ¶¶ 6, 10. The proposed protective order would not require the parties to file either a motion for leave to file under seal or a redacted version of a sealed filing; judicial records could instead be sealed based on nothing more than attorney inertia. The parties would thereby avoid having to show "good cause for restricting the disclosure of the information at issue." *In re Violation of Rule 28(D)*, 635 F.3d at 1358; *see also, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."). That, in turn, risks depriving the public of its common-law right to see what the Court and the parties are up to. *In re Violation of Rule 28(D)*, 635 F.3d at 1356; *see also United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978) ("Public confidence [in the judiciary] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view.").

To compound that problem, the proposed protective order's definition of "Confidential Material" is potentially overbroad. *See* Proposed Protective Order ¶ 1. The parties propose extending confidentiality protection not only to material carrying legitimate confidentiality concerns, but to "all notes made therefrom and all references made thereto, of any kind whatsoever[.]" *Id.* That definition could be read to cover even "notes" and "references" that are already publicly available, or that do

not themselves disclose anything confidential. That is improper: Unless documents actually *contain* confidential information, they should not be treated as confidential. *See, e.g.*, *In re Violation of Rule 28(D)*, 635 F.3d at 1360 ("The marking of legal argument as confidential under Rule 26(c)(1)(G) cannot be justified unless the argument discloses facts or figures of genuine competitive or commercial significance."). In conjunction with the sealing procedures just described, the parties' proposal might lead to sealing documents that are not "confidential" in any legitimate sense.

A separate problem arises in the proposed protective order's treatment of the Privacy Act, which restricts federal agencies from disclosing certain regularly maintained information about individuals without the person's consent. 5 U.S.C. § 552a(b). The Privacy Act includes an exception for disclosures pursuant to court order. 5 U.S.C. § 552a(b)(11). The parties propose that if Plaintiffs request information covered by the Privacy Act, Defendant will "release to opposing counsel in these cases records which are relevant to this action … without obtaining prior written consent of the individual to whom such records pertain." *See* Proposed Protective Order ¶ 12. But the parties do not say whose information might be discoverable, what kind of information Plaintiffs might seek, or why they need it. That is baffling: The parties want this Court to extinguish the statutory privacy rights of absent, unrepresented third parties, without a shred of legal or factual justification, based solely on the litigants' bilateral agreement.

The proposed protective order thus requires automatic sealing of documents that are not confidential under any permissible scope of confidentiality, while authorizing entirely unexplained exchanges of individuals' private information that would ordinarily be forbidden by statute. Although the parties no doubt intended to comply with the law governing protective orders, their proposal therefore fails.

Rather than attempting to correct the defects in the proposed protective order *sua sponte*, I **DENY** the motion without prejudice. The parties may propose a revised protective order that complies with the foregoing principles.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge